# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOHN DOE

        Plaintiff

v.

BOWLING GREEN STATE
UNIVERSITY, et al.

        Defendants

Civil Action No: 3:22-cv-140

NOTICE OF MOTION TO PROCEED UNDER A PSEUDONYM

_____

**PLEASE TAKE NOTICE** that on _____, 2022, at ___ a.m./p.m., or as soon thereafter as counsel may be heard, the undersigned attorneys for Plaintiff shall apply, before, the Honorable Jeffrey J. Helmick of the U.S. District Court for the Northern District of Ohio, James M. Ashley and Thomas W. L. Ashley U.S. Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio, 43604, for an Order to Proceed Under a Pseudonym.

    Respectively submitted,

/s/Leslie A. Weiss_____
Leslie A. Weiss S. Ct. #0051857
Attorney for John Doe
HALBERG & ASSOCIATES CO., LPA
198 East Aurora Rd
Northfield, Ohio  44067
Telephone  330-468-1056
Email: halberglaw@netlink.net

/s/Michael K. Ashar_____
Michael K. Ashar S. Ct. #
Michael K. Ashar & Associates
Attorney for John Doe
13010 West Darrow Road
Vermilion, OH 44089-9368
Telephone:  440.967.2680
Email: mka@asharlaw.net

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOHN DOE

              Plaintiff

v.

BOWLING GREEN STATE
UNIVERSITY, et al.

              Defendants

Civil Action No: 3:22-cv-140

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF JOHN DOE'S MOTION TO PROCEED UNDER A PSEUDONYM

## PRELIMINARY STATEMENT

This civil suit is an action seeking redress for due process violations by Defendants, Bowling Green State University, Christopher Bullins, Jeremy Zilmer, Maureen Wilson, Jodi Webb, and Rodney Rogers. Plaintiff respectfully requests the that this Court issue an Order granting him leave to proceed in this action under a fictitious name.

## STATEMENT OF FACTS

In an effort to conserve judicial resources, Plaintiff refers the Court to the Declaration of John Doe in support of his request for a Preliminary Injunction and Temporary Restraining Order, and the Complaint for a recitation of the relevant facts.

## ARGUMENT

Generally, the title of a Complaint must name all parties. Fed, R. Civ. P. 10(a). However, the Sixth Circuit permits the use of pseudonyms when "a Plaintiff's privacy interests

substantially outweigh the presumption of open judicial proceedings." ***Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)** In determining whether to allow the Plaintiff to proceed anonymously, the Court must consider the following factors:

(1) whether the Plaintiff seeking anonymity are suing to challenge governmental activity;

(2) whether prosecution of the suit will compel the Plaintiff to disclose information "of the utmost intimacy";

(3) whether the litigation compels the Plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and,

(4) whether the Plaintiff is a minor.

Id. (quoting *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981).

Two of the factors listed above support the Plaintiff's request to proceed anonymously. **First, John Doe is suing to challenge governmental activity.** Judicial proceedings presumptively are open to the public which include the names of parties who are litigating disputes. Courts are most likely to grant a motion to use a pseudonym "when the action is against a governmental entity seeking to have a law or regulation declared invalid." ***Doe v. Univ. of Pittsburgh*, 2018 U.S. Dist. LEXIS 41436 at \*4(W,D, Mich. Mar. 14, 2018, Case No. 1:17-cv-213)** (internal quotations and citations omitted) or "where a Plaintiff attacks a governmental activity", since "the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *New York Blood Center*, **213 F.R.D. at 111**. Here, John Doe is challenging the constitutionality of BGSU'S disciplinary process and seeks declaratory and injunctive relief. Plaintiff asserts that his due process was violated

as a result of an unfair conduct hearing where he was not able to cross-examine his accuser and both the Chair (Judge) and a UCC Panel member (Juror) knowingly acted together with bias thereby rendering an unjust decision and sanctions. **However, more importantly Plaintiff's suit requires disclosure of information of the utmost intimacy.** Numerous courts around the country permit college students to proceed anonymously. Thus far, due to FERPA, Plaintiff's identity and information has been kept confidential. This particular matter stems from a highly publicized tragic event. As such, Plaintiff would be required to disclose information that is highly sensitive and controversial in the present climate. News media is full of threatening verbiage towards fraternities in light of recent incidents nationwide and therefore, identification poses a risk of retaliatory harm or harassment to Plaintiff. Anonymity does not prejudice the Defendants as they can readily ascertain Plaintiff's identity since they conducted the conduct hearings. Plaintiff's identity to the public is minimal when balanced against the harm it may potentially cause. Therefore, consideration of the herein factors indicates that the need to protect Plaintiff's privacy and safety during this lawsuit outweighs the ordinary presumption of judicial openness and the Court is justified in permitting the Plaintiff to proceed under a pseudonym.

WHEREFORE, Plaintiff moves the Court for an Order granting him leave to proceed anonymously under a fictitious name and granting him such additional relief as the Court may deem proper and just.

    Respectively submitted,

/s/Leslie A. Weiss_____
Leslie A. Weiss S. Ct. #0051857
Attorney for John Doe
HALBERG & ASSOCIATES CO., LPA
198 East Aurora Rd
Northfield, Ohio 44067
Telephone 330-468-1056
Email: halberglaw@netlink.net

/s/Michael K. Ashar_____
Michael K. Ashar S. Ct. #
Michael K. Ashar & Associates
Attorney for John Doe
13010 West Darrow Road
Vermilion, OH 44089-9368
Telephone: 440.967.2680
Email: mka@asharlaw.net