UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Chase Weiss,                    Case No. 3:22-cv-140

       Plaintiff,

    v.                                  MEMORANDUM OPINION
                                          AND ORDER

Bowling Green State University, et al.,

       Defendants.

## I.     INTRODUCTION

Before me are: (1) Movants Rodney Rogers and Stacey Allan's motion to quash, (Doc. No. 60); (2) Plaintiff Chase Weiss's motion to extend the discovery deadline, (Doc. No. 63); and (3) Movant Bowling Green State University's motion to quash. (Doc. No. 66). For the reasons stated below, I grant the motions to quash and deny Weiss's motion to extend the discovery deadline. But I also order further briefing on an issue I previously decided, as outlined later in this opinion.

## II.     BACKGROUND

Through this action, Weiss alleged his procedural due process rights were violated in the course of Bowling Green State University's July 7 and 8, 2021 disciplinary hearing. Specifically, he alleged:

> Defendants have violated the Plaintiff's due process rights in the following manner:
>
> a. BGSU conducted a fundamentally unfair disciplinary process by producing a bias UCC panel member and a bias Chair where, they participated on an anti-hazing committee four months prior to and through the entire conduct process, responsible for creating an anti-hazing policy which resulted in a zero-tolerance policy towards hazing. Both a UCC panel member and the Chair were not fair and impartial factfinders.

      b. BGSU conducted a fundamentally unfair disciplinary process by permitting the submission of hearsay evidence to the UCC panel members and the use of hearsay evidence at the hearing without providing the Plaintiff the opportunity to effectively cross-examine witnesses.

      c. BGSU conducted a fundamentally unfair disciplinary process by permitting the submission of hearsay evidence of the alleged accuser to the UCC panel members and the use of hearing evidence of the alleged accuser without providing the Plaintiff the opportunity to cross-examine his alleged accuser.

      d. BGSU conducted a fundamentally unfair disciplinary process by permitting the use of highly prejudicial and inflammatory statements in the conduct charges and materials provided to the UCC panel for consideration in rendering a decision in connection with the conduct charges against DOE.

      e. BGSU conducted a fundamentally unfair disciplinary process by applying the BGSU Student Code of Conduct policies after implementing and providing training targeting fraternity members, including DOE, in connection with a hazing and alcohol policy in direct conflict to the provisions in the BGSU Student Code of Conduct.

(Doc. No. 15 at 37). For these alleged procedural due process violations, he sought: declaratory relief against BGSU and the individual Defendants in their official capacities (Count I); monetary damages from the individual Defendants in their individual capacity (Count II); and injunctive relief from the individual Defendants in their official capacities (Count III). (Doc. No. 15 at 35-39).

      Defendants moved to dismiss all of Weiss's due process claims as applied to all three types of damages sought. (Doc. No. 16). On September 30, 2022, I granted Defendants' motion in part but denied it as to one claim against one individual Defendant – Christopher Bullins. (Doc. No. 24). In doing so, I analyzed whether each of the alleged procedural due process violations identified by Weiss gave rise to a cognizable procedural due process claim and concluded Weiss's only cognizable procedural due process claim stemmed from Weiss's allegation that Bullins, as the Chair (or judge) of the panel, violated Weiss's due process rights by denying him the opportunity to cross-examine his accuser.

To be clear, for the reasons stated in my Memorandum Opinion and Order, any claim relating to Spark training, allegedly biased decisionmakers, and the admission of prejudicial, inflammatory, or hearsay statements was dismissed on September 30, 2022. (Doc. No. 24 at 14-19).

On November 29, 2022, the parties filed their Report of Parties' Planning Meeting, proposing a discovery deadline of August 30, 2023. (Doc. No. 31). I adopted this proposed deadline during the December 5, 2022 Case Management Conference. (Doc. No. 33). Since that time, I have extended the discovery deadline no less than nine times and refereed numerous discovery disputes.

Most recently, on July 1, 2025, I extended the discovery deadline to September 30, 2025. (*See* non-document Order dated July 1, 2025). On July 1, 2025, I held a telephone conference during which Weiss's counsel requested to extend the discovery deadline an additional three months to take depositions. Specifically, his counsel represented that in that time, she intended to depose Bullins and, depending on his deposition, might also want to depose the five members of the disciplinary hearing panel. With no objection by counsel for Bullins, I granted Weiss's counsel's request and extended the discovery deadline to September 30, 2025.

Before 5:00 p.m. on the day of the conference, Bullins's counsel emailed Weiss's counsel proposed dates for Bullins's deposition: "August 4, 6, 8 (afternoon only), or 11." (Doc. No. 65-1). Neither of Weiss's attorneys responded to the dates proposed.

The only communication sent from Weiss's counsel to Bullins's in the month of July 2025 occurred through four emails Weiss's counsel sent between July 23, 2025 and July 24, 2025, which consisted of Weiss's Bates-stamped discovery responses. (Doc. Nos. 65-2, 65-3, 65-4, and 65-5). Of note, on July 1, 2025, I ordered "Plaintiff [to] provide Defendant with Bates-stamped versions of all written discovery no later than July 18, 2025." (*See* non-document Order dated July 1, 2025).

3

August 6, 2025 was the first time Weiss's counsel made any attempt to schedule the deposition of Bullins.  On this date, Weiss's counsel emailed Bullins's counsel asking Bullins's counsel to "provide [Weiss's counsel] with possible deposition dates through the end of August and early September."  (Doc. No. 65-6).  Less than twenty-four hours later, Bullins's counsel responded,

> Chris Bullins can be available either August 29 or September 12 for his deposition.  Both days are currently open so he is available to schedule for either morning or afternoon.  He is anxious to get it scheduled as he advises his calendar will fill up with the start of the semester (I had reached out back on July 1 to you proposing other August dates - attached - but hadn't heard back).
>
> Please let us know if either Aug. 29 or Sept. 12 will work.  If not, we may have to look more specifically at morning only/afternoon only days.

(*Id.*).  But another week passed before Weiss's counsel responded.  Only after Bullins's counsel sent a follow-up email on August 13, 2025, did Weiss's counsel respond, on August 14, 2025:

> This is to confirm the deposition of Christopher Bullins on September 12, 2025.  Also, could you please provide me with additional dates that you are available, for the remaining depositions.

(Doc. No. 65-7 at 1).

On September 11, 2025, Weiss's counsel asked to reschedule Bullins's deposition because Weiss had been in a car accident and sustained injuries.  (Doc. No. 65-11).  On agreement of the parties, the deposition was rescheduled for September 22, 2025.

The latest discovery dispute was brought to my attention on September 17, 2025, when non-party Movants Rodney Rogers, Stacey Allan, Cole McKane, Sarah Jurden, and Dr. Maureen Wilson filed a motion to quash, in whole or in part, the subpoenas issued by Weiss to take their depositions. (Doc. No. 60).  I heard arguments from counsel for Weiss and Movants on the issues raised in this motion during a September 22, 2025 telephone conference.  Based on those arguments, I granted the motion to quash, in part.  (*See* Doc. No. 61).  I also granted Weiss's counsel's request to defer a final decision on the issue of whether to quash, in full, the subpoenas issued to Rogers and Allan

4

until after she had an opportunity to set forth her position in writing. In doing so, I adopted Weiss's counsel's proposed opposition brief deadline of September 30, 2025.

On September 30, 2025, Weiss's counsel filed a brief titled: "Opposition to BGSU's Motion To Quash Plaintiff's Subpoena For Deposition Of President Rodney Rogers." (Doc. No. 62). This brief made no reference to Stacey Allan or the subpoena issued for her deposition. On that date, Weiss's counsel also filed a motion to extend the September 30, 2025 discovery deadline to October 31, 2025. (Doc. No. 63).

Apparently, in addition to her briefing, Weiss's counsel also issued a subpoena to Bowling Green State University on September 30, 2025, requesting production of documents. (*See* Doc. No. 66 at 6-9). Bowling Green State University subsequently filed a motion to quash this subpoena. (*Id.* at 1-5).

At this time, briefing on both motions to quash, (Doc. Nos. 60 and 66), and the motion to extend the discovery deadline is complete. (Doc. No. 63). I issue my decision on each here.

### III. MOTION TO QUASH

"Federal Rule of Civil Procedure 45 permits litigants to obtain discovery from nonparties via subpoena while simultaneously protecting nonparties from excessively onerous requests for information." *Lyons v. My Pillow, Inc.*, No. 23-1308, 2023 WL 8450724, at *2 (6th Cir. Dec. 6, 2023). "[T]he scope of discovery through a subpoena is the same as that applicable to . . . the other discovery rules." Fed. R. Civ. P. 45, Advisory Committee Notes (1970). That is, the general scope of discovery through subpoena technically remains:

> Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

5

Fed. R. Civ. P. 26(b)(1). But Rule 45 restricts what may be sought from nonparties by mandating that: "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

Both Rule 26 and Rule 45 provide enforcement mechanisms. With respect to discovery generally, Rule 26 mandates:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> **(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> **(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> **(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). And with respect to subpoenas specifically, Rule 45 mandates, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3).

Generally, "[t]he movant bears the burden of establishing that the issued subpoenas violate Rule 45 of the Federal Rules of Civil Procedure." *Recycled Paper Greetings, Inc. v. Davis*, No. 1:08-MC-13, 2008 WL 440458, at *3 (N.D. Ohio Feb. 13, 2008). But "[w]hen an objection to the relevance of the sought discovery is raised, the party seeking discovery must demonstrate that the requests are relevant to the claims or defenses in the pending action." *Brink's Cap., LLC v. Randazzo*, No. 24-CV-11570, 2025 WL 1975658, at *2 (E.D. Mich. July 16, 2025) (internal quotation marks and further citation omitted). Only if the requesting party meets that burden will the objecting party be required to "show why the request is otherwise improper." *Id.*

6

Because Rogers and Allan each object to the relevance of the discovery sought from them, Weiss must first show the requests are relevant to his claim or Bullins's defenses.

### A. STACEY ALLAN

The subpoena issued to Allan commanded her to appear for a deposition and bring with her:

> All information, including emails, correspondence, notes, text messages, tape-recordings, video-recordings, or otherwise, in connection with the necessary training for fraternity/sorority life from 2020 through 2022, including all information related to the SPARK training material and all information related to student participation with said training from the calendar year 2019 through 2020.

(Doc. No. 58 at 3). The subpoena does not identify topics on which Weiss seeks Allan's testimony. But "assum[ing] the testimony sought will cover the same topics as the documents requested," Allan contends the testimony sought is not relevant to Weiss's "only remaining claim in this case concern[ing] Plaintiff's due process right to cross-examine his accuser." (Doc. No. 60 at 5-6). In doing so, she notes that the document request and presumably related testimony concerns Weiss's previously dismissed claims regarding the Spark training. (*Id.* at 6 (citing Doc. No. 24 at 17-18)).

Weiss offers no argument is his opposition brief to show Allan's testimony is relevant to his remaining claim. (*See* Doc. No. 62). Without such a showing of relevance, I conclude Weiss has failed to meet his burden and grant Allan's motion to quash the subpoena issued to her.

### B. RODNEY ROGERS

Remaining is the subpoena issued to Rogers commanding him to appear for a deposition and bring with him:

> All information, including correspondence, notes, text messages, tape-recordings, video-recordings, or otherwise, in connection with your duties as a panel member regarding the disciplinary hearing for former BGSU student, Chase Weiss, on or about July 7 and July 8, 2021.

(Doc. No. 55 at 3). The subpoena does not identify topics on which Weiss seeks Rogers's testimony. But like Allan, Rogers assumes the topics will track the document request and that Weiss expects him to testify about his alleged "duties as a panel member regarding the disciplinary

hearing." (Doc. No. 60 at 4 (quoting Doc. No. 55 at 3)). Rogers asserts he not only was not a panel member to the hearing, but also "had no role, whatsoever, in [the] disciplinary hearing." (Doc. No. 60 at 4). Rogers also asserts he was not involved in the panel's decision to discipline Weiss, did not review the panel's decision, and was not involved in Weiss's appeal of the panel's decision. (*Id.*).

In his opposition brief, Weiss does not challenge Rogers's assertion that he was not a panel member on the disciplinary hearing. But Weiss maintains Rogers was involved in the disciplinary hearing and seeks:

> to further question him regarding his involvement in Plaintiff's conduct hearing causing Plaintiff to be subject to a clearly unfair and biased panel (panel sat on previous conduct hearings related to the same incident), with a panel where at least one of the members and the Dean of Students co-chaired on an anti-hazing presidential group and then imposed a zero tolerance standard presiding on the Plaintiff's conduct hearing, and, impacting and allowing the consideration of evidence related to his alleged accuser, although Plaintiff was not permitted to cross-examine him and received a severe penalty, being suspended for eight years from the university.

(Doc. No. 62 at 5). In support, Weiss offers a "chronological order of events" that ultimately resulted in his suspension. But as correctly noted by Rogers, Weiss cites no evidence to support this version of events.

Even taking Weiss's version of the chronological events as true, he has failed to show the testimony he seeks from Rogers is relevant to his single remaining claim against Bullins or Bullins's defenses to that claim. Instead, the testimony he seeks relates to his previously dismissed claim regarding allegedly biased decisionmakers. (*See* Doc. No. 24 at 18-19). Because Weiss does not seek Rogers's testimony on any issue related to the denial of an opportunity to cross-examine his accuser, I must conclude he has failed to show the testimony sought from Rogers is within the scope of discovery and grant the motion to quash the subpoena issued to Rogers.

Because Weiss does not seek testimony or documents from Rogers or Allan that is within Rule 26(b)(1)'s scope of discovery for his single remaining claim, Movants' motion to quash is granted.

### IV. MOTION TO EXTEND THE DISCOVERY DEADLINE

In accordance with the discussion during the September 22, 2025 telephone conference, I ordered that "with the exception of the[ ] two disputed depositions, discovery must be completed by the current discovery deadline – September 30, 2025." (Doc. No. 61 at 2). I also ordered:

> Should the parties agree to conduct any discovery after the September 30, 2025 deadline but before I hold the [further anticipated] status conference, they must file a written stipulation to such an extension. This stipulation must describe with particularity the scope of the stipulated discovery and state the deadline(s) by which this discovery will be completed.

(*Id.*).

Without consulting with Bullins's counsel regarding the possibility of conducting discovery after the September 30, 2025 deadline, Weiss's counsel filed a motion on the date of the discovery deadline seeking a further thirty-day extension, asserting:

> The reason for said request is that Plaintiff has discovered information at the depositions taken last week, which are paramount to his case. Plaintiff further asserts that he was in a serious car accident and suffered from a severe burn from the airbag and a concussion which caused him to have to reschedule depositions to a later date. Finally, Plaintiff has filed an Opposition to A Motion to Quash, seeking to take depositions of non-parties.

(Doc. No. 63). Bullins filed an opposition brief to Weiss's motion and supporting exhibits. (Doc. No. 65). Weiss's counsel filed a reply brief ten days after it was due. (Doc. No. 68). *See* Local R. 7.1(e).

Federal Rule of Civil Procedure 16 provides that the case "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause exists to extend a deadline when the deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, Advisory Committee Notes (1983).

9

Here, Weiss's counsel has failed to show "good cause" for a further extension of the already repeatedly-extended discovery deadline.

First, as discussed above, I grant the motion to quash the subpoenas issued to Rogers and Allan; therefore, Weiss's third argument in support of his motion for an extension is moot.

Second, in neither the initial motion nor the reply does Weiss's counsel identify what information was first discovered at the depositions taken the week prior to the discovery deadline, let alone explain how that recently-discovered information is "paramount to his case."

Finally, while I am not unsympathetic to Weiss's car accident and resulting injury, the evidence submitted by Bullins shows Weiss's inability to meet the September 30, 2025 discovery deadline was primarily due to Weiss's counsel's failure to diligently pursue the discovery for which she sought a three-month extension to conduct. During the July 1, 2025 telephone conference, Weiss's counsel represented that the need to conduct additional depositions was dependent on the outcome of Bullins's deposition.

But Weiss's counsel ignored Bullins's counsel's attempts to promptly schedule that deposition for the beginning of August, did not make an affirmative attempt to schedule the deposition herself until more than a month after the July 1, 2025 telephone conference, subsequently was unresponsive when Bullins's counsel provided her with dates of availability, and eventually chose the latest of those available dates – September 12, 2025 – rather than the earlier date of August 29, 2025. (Doc. Nos. 65-1, 65-6, 65-7). In short, even if the car accident had not occurred, Weiss's counsel would not have begun conducting the discovery, for which they requested three months, until 18 days before the deadline.

In neither their motion nor their reply does Weiss's counsel attempt to show they acted diligently in trying to meet the September 30, 2025 discovery deadline. Nor could they. Instead, in their reply brief, they point to events that occurred earlier in discovery that resulted in delays. (Doc.

10

No. 68). This has no bearing on their diligence in meeting the September 30, 2025 discovery deadline. Because Weiss's counsel has failed to show good cause for a further extension, I must deny their motion to further extend the discovery deadline.

Relatedly, because Weiss did not issue the subpoena to Bowling Green State University until the date of the discovery deadline, I grant Bowling Green State University's motion to quash that subpoena. (Doc. No. 66).

It is well-settled that "[a] subpoena that seeks documents under Federal Rule of Civil Procedure 45 is a discovery device subject to the same deadlines as other forms of discovery set forth in the court's scheduling order." *Fabery v. Mid-S. Ob-GYN*, No. 06-2136 D/P, 2000 WL 35641544, at *1 (W.D. Tenn. May 15, 2008) (citing cases). "Courts act within their sound discretion in quashing a subpoena where the discovery sought would not be produced until after expiration of the discovery deadline." *Allstate Ins. Co. v. Papanek*, 309 F. Supp. 3d 511, 514 (S.D. Ohio 2018) (citing Sixth Circuit precedent).

Here, the discovery deadline was September 30, 2025. But Weiss's counsel did not issue the subpoena to Bowling Green State University until that date, demanding production by October 23, 2025 – 23 days after the discovery deadline. Because the discovery sought through the subpoena would not have been produced until after the discovery deadline, the subpoena is quashed. *See, e.g., Mann v. LNKBox Grp., Inc.*, No. 2:22-CV-2553, 2024 WL 4986996, at *1 (S.D. Ohio Dec. 5, 2024) (quashing a subpoena sua sponte because "the production requested would occur weeks after the deadline.").

V. RECONSIDERATION

In the course of deciding these motions, I discovered case law which caused me to question the correctness of my previous conclusion that *Ex Parte Young* did not apply to allow Weiss to pursue his procedural due process claim based on the denial of an opportunity to cross-examine his

11

accuser against Bullins in his official capacity, and not just in his individual capacity. *See, e.g., Noakes v. Univ. of Cincinnati*, No. 24-3388, 2024 WL 4579453, at *2-*3 (6th Cir. Oct. 25, 2024); *Ashford v. Univ. of Mich.*, 89 F.4th 960, 969-70 (6th Cir. 2024); *Morgan v. Bd. of Pro. Resp. of the Sup. Ct. of Tenn.*, 63 F.4th 510, 515-16 (6th Cir. 2023).

Because my decision on that issue is not yet "final," Fed. R. Civ. P. 54(b), I order the parties to brief the limited issue of whether any form of the relief sought by Weiss from Bullins in his official capacity for the alleged due process violation is recognized by the Sixth Circuit as "prospective relief" such that sovereign immunity does not bar such a claim. To the extent Bullins is no longer employed by Bowling Green State University, the briefing should address the official capacity role he held, and who holds that role now that might be substituted as a party to this action. *See, e.g., Ashford*, 89 F.4th at 970 ("[W]ith respect to a claim against an officer in their official capacity, the suit may proceed against whoever has replaced Evans in his role as Vice Chancellor.").

The briefing need not address the underlying alleged due process violation of denial of the opportunity to cross-examine his accuser. And the briefing must not address conduct giving rise to previously-dismissed claims (e.g., Spark training, allegedly biased decisionmakers, and the admission of prejudicial, inflammatory, or hearsay statements). (*See* Doc. No. 24 at 14-19).

In considering this briefing, I will not apply the motion for reconsideration standard because I have ordered this additional briefing sua sponte. Instead, I will apply the Rule 12(b)(6) motion to dismiss standard – the same standard I applied when concluding the official capacity claim was subject to dismissal. The parties should do the same in their briefing.

Because of the narrow scope of this additional briefing, I order that no brief exceed five pages in length, double-spaced with normal margins. The parties should file their briefs in accordance with the following briefing schedule:

1.) Weiss's opening brief must be filed no later than December 1, 2025;

12

2.) Bullins's response must be filed no later than December 15, 2025; and

3.) Any reply must be filed no later than December 22, 2025.

No extension of these deadlines will be granted without a specific and compelling showing of good cause.

### VI.    CONCLUSION

For the foregoing reasons, I grant the pending motions to quash, (Doc. Nos. 60 and 66), and I deny Weiss's motion to extend the discovery deadline. (Doc. No. 63). I order further briefing on the narrow issue outlined above.

Should Movants or Bullins seek sanctions in the form of attorney's fees or otherwise in connection with these motions, they should file such a motion for such relief and any supporting documentation (e.g., time logs, documentation supporting an hourly rate, etc.) within fourteen days of this Memorandum Opinion and Order. *See* Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 45(d)(1). The briefing on any such non-dispositive motion including page limitations and responsive brief deadlines will be governed by Local Rule 7.1.

Discovery on Weiss's individual capacity claim is closed and will not be reopened without a specific and compelling showing of good cause.

If I conclude it is appropriate to revive Weiss's official capacity claim based on the denial of an opportunity to cross-examine his accuser, I will then consider whether any additional discovery on that claim is warranted and the timeline for such discovery. No discovery on a not-yet revived claim may be conducted at this time.

But to ensure timely completion of any potential additional discovery, I urge the parties to consider what, if any, additional discovery might be necessary to support or defend against an official capacity claim while the additional briefing is pending before me. In doing so, the parties should be prepared to articulate why any additional discovery they may seek for the official capacity

claim was not relevant to the claim against Bullins in his individual capacity but is relevant to the analogous official capacity claim against him or whoever is in his role now.

Before evaluating these potential discovery needs, I strongly urge Weiss's counsel to re-read my September 30, 2022 Memorandum Opinion and Order.  In briefing filed as late as yesterday, they make arguments related to Spark training and allegedly biased decisionmakers.  (*See* Doc. No. 67 and 68).  Again, for the reasons stated in my Memorandum Opinion and Order, any claim relating to Spark training and allegedly biased decisionmakers was dismissed on September 30, 2022.  (Doc. No. 24 at 15-19).  If discovery is reopened for any reason and Weiss again seeks discovery on any matter not relevant to the alleged due process violation of being denied an opportunity to cross-examine his accuser, I will award sanctions against Weiss, his counsel, or both.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge