UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Chase Weiss,

Plaintiff,

v.

Bowling Green State University, et al.,

Defendants.

Case No. 3:22-cv-140

ORDER

On November 10, 2025, Defendant Christopher Bullins filed a motion to strike portions of his deposition testimony and for an Order requiring destruction of the audio prerecording of the deposition that was taken by the court reporter, without knowledge or consent of either party or their counsel. (Doc. No. 70). In accordance with the briefing schedule set forth in my November 13, 2025 Order, (Doc. No. 72), Plaintiff timely filed an opposition brief, (Doc. No. 73), and Defendant filed a reply. (Doc. No. 75). For the reasons set forth below, I grant Defendant's motion in part and deny it in part.

**A. MOTION TO DESTROY THE AUDIO RECORDING**

Over Plaintiff's objection, I grant Defendant's motion for destruction of the audio prerecording of the deposition. (Doc. No. 73).

This is not the first time the matter of recordings has come before me in this case. Instead, it was discussed at length during the September 22, 2025 telephone conference in response to a motion to quash, wherein five third-party deponents sought to quash subpoenas issued by Plaintiff for recording of their depositions by videographer. (Doc. No. 60). For each of those depositions,

Plaintiff had issued notice to the deponents that their "deposition shall be recorded by stenographic and videographer." (Doc. No. 55 at 1; Doc. No. 56 at 1; Doc. No. 57 at 1; Doc. No. 58 at 1; Doc. No. 59 at 1). I granted the motion to quash and explained during the September 22, 2025 telephone conference my general rule that without the consent of all concerned, I do not permit the recording of depositions unless the proposed deposition was going to be recorded as a trial deposition. To avoid any confusion, I concluded the conference by stating,

> I just want to make it clear that if you use videoconferencing to conduct the deposition, . . . there will be no video or audio capture or recording of any kind without consent of all concerned and the court reporter will be taking the official record of that proceeding. How you decide to do this, in person or by video, I'll leave to you and what you can agree upon. I just want to make it clear that from my position, there is no difference, . . . this is a court reporter recorded deposition without any video or audio recording or capture.

Following the conference, I issued an Order repeating my decision on the matter:

> I grant Movants' motion to quash to the extent that I hold no audio or video recording of any kind may be made without prior consent of all parties involved. This rule applies regardless of whether the deposition is conducted in person or virtually by video conference or otherwise. This rule does not apply to trial depositions.

(Doc. No. 61 at 1).

While Defendant's deposition was not subject to the motion to quash, my position was clear. Despite this, and despite the subpoena Plaintiff issued to Defendant for the September 22, 2025 deposition providing that "[t]he deposition shall be recorded by stenographic means," (Doc. No. 70-2), the court reporter did not record the deposition by stenographic means. Instead, Plaintiff's counsel admits that "[u]nbeknown to both parties, the Court Reporter took an audio recording of the deposition which he subsequently maintained was for transcription purposes only, and which he asserted was common practice." (Doc. No. 73 at 5).

Unfortunately, Plaintiff's counsel did not attempt to rectify the mistake to be in compliance with my clear directive that non-trial depositions were not to be recorded without the consent of all

involved. That is, despite acknowledging the audio file was to be maintained "for transcription purposes only," (*id.*), Plaintiff's counsel did not agree to destroy the unauthorized audio recording after the transcription was completed and now argues "[t]he audio file is evidence" that may not be destroyed "absent bad faith and prejudice." (Doc. No. 73 at 5). Counsel offers no legal authority or argument to support their argument and makes no attempt to square their position with my prior Order. (*See* Doc. No. 61). Therefore, I do not consider this to be a meaningful challenge and reject it outright. In accordance with my prior Order, all copies of this unauthorized recording shall be destroyed immediately.

**B. MOTION TO STRIKE**

Defendant's motion to strike portions of the deposition transcript pursuant to Rule 12(f) of the Federal Rules of Civil Procedure is denied. (Doc. No. 70).

As noted by Plaintiff, (Doc. No. 73 at 3), Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Because Defendant does not seek to strike anything from a pleading, Rule 12(f) does not apply. *See, e.g., C.S. v. McCrumb*, 135 F.4th 1056, 1068 n. 10 (6th Cir. 2025). And because Defendant sets forth no other procedural basis by which these lines of his deposition may be stricken, I deny this relief without prejudice.

Nevertheless, I recognize that some lines Defendant seeks to strike may be privileged or otherwise protected. I also acknowledge and appreciate that Plaintiff's counsel recognizes the same and is receptive to a mutually agreeable solution, including striking certain lines. (Doc. No. 73 at 4-5). Accordingly, I order:

1.) The deposition transcript shall remain designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" unless and until I order otherwise. (Doc. No. 72).

2.) By October 30, 2026, counsel for all parties shall meet and confer in person, by video conference, or by phone to determine what, if any, lines they can agree to strike. They may not fulfill this meet-and-confer requirement via written correspondence.

3.) By November 6, 2026, the parties shall email my chambers (helmick_chambers@ohnd.uscourts.gov) a joint status report quoting what, if any, lines they have agreed to strike and what, if any, lines remain in dispute.

4.) After reviewing this submission, I will determine appropriate next steps. No further motion on this matter shall be filed before I have made such a determination.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge